```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

JULIA E. BLACKWOOD,

    Plaintiff,

v.                                   Civil Action No. 2:18-cv-1216

BERRY DUNN, LLC,

    Defendant.


## ORDER

Pending is defendant Berry Dunn, LLC's ("Berry Dunn") motion in limine to Exclude Evidence Relating to Punitive Damages, filed July 22, 2019.[1]

The law in West Virginia governing the availability of punitive damages states:

> An award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others.

W. Va. Code § 55-7-29(a) (2015); Warden v. Bank of Mingo, 176 W. Va. 60, 65, 341 S.E.2d 679, 684 (1985) ("Punitive damages are

---

[1] The deadline for filing responses to motions in limine set in the court's October 22, 2018 scheduling order was July 29, 2019. No response from plaintiff has been received.

allowed only where there has been malice, fraud, oppression, or gross negligence.").

Plaintiff's only remaining claim for breach of promise and detrimental reliance, which the court treats as a claim of equitable estoppel, is based on Berry Dunn's offer of severance pay which was not provided to the plaintiff.  Assuming plaintiff's allegations are accurate, Berry Dunn first promised her severance pay at a March 16, 2017 meeting in which her employment was terminated.  Thereafter, through email, Berry Dunn twice reaffirmed that she would receive severance pay.  Then, just five days later, on March 21, 2017, Berry Dunn informed plaintiff that in order to receive the severance pay, she would need to sign a severance agreement.  During that five-day period and without informing Berry Dunn that she had done so, plaintiff purportedly relied to her detriment on the promised severance pay.  Blackwood Aff., ECF No. 40-1, ¶¶ 32, 43-50.

These circumstances are insufficient to lend either factual or legal support for a claim of punitive damages.  Berry Dunn's actions regarding the severance pay do not rise to the level of malicious, fraudulent, oppressive or grossly negligent conduct.

Accordingly, it is ORDERED that Berry Dunn's motion in limine to exclude evidence relating to punitive damages be, and hereby is, granted.

The Clerk is directed to transmit copies of this order to all counsel of record.

ENTER: August 2, 2019

John T. Copenhaver, Jr.
Senior United States District Judge