```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

JULIA E. BLACKWOOD,

    Plaintiff,

v.                               Civil Action No. 2:18-cv-1216

BERRY DUNN, LLC,

    Defendant.

## ORDER

Pending is plaintiff's Motion for Reconsideration of the Court's Order of March 13, 2019 Denying Remand, filed August 1, 2019, to which the defendant filed its response on August 15, 2019, and the plaintiff filed her reply on August 22, 2019.

Plaintiff's motion for remand rested on two causes of action with factual allegations to support a claim against Ms. Becnel; namely, wrongful termination pursuant to West Virginia Code § 21-3-20 and invasion of privacy. Pl.'s Mot. Remand, ECF No. 6, at 3-4. In defendants' response in opposition to that motion, they note that "Plaintiff fails to address any of the other claims mentioned in the Complaint. Thus, she apparently concedes that she has no possible causes of action against Becnel based on those claims." Defs.' Resp., ECF No. 9, at 4. Plaintiff did not reply to defendants' assertion. In the

court's March 13, 2019 order denying plaintiff's motion for remand, it considered those two causes of action, stated that "plaintiff advances no other ground for remand" and, having found that Ms. Becnel was fraudulently joined, disregarded her citizenship for diversity purposes.  ECF No. 26, at 7, 14.

Plaintiff has not addressed the issue until the subject motion of August 1, 2019, filed on the virtual eve of the pretrial conference on Monday, August 5, 2019, with trial scheduled for September 10, 2019.  It is also noted that plaintiff in her motion to remand had asserted that she would seek leave to file an amended complaint.  On November 26, 2018 and without leave from the court plaintiff filed a first amended complaint, which the court struck without prejudice in its March 13, 2019 memorandum opinion and order denying her motion for remand.  However, plaintiff stated in an unrelated May 28, 2019 briefing, two weeks after the dispositive motions deadline had expired, that "[w]ith the Court's striking of Blackwood's first amended complaint without prejudice, Blackwood's counsel determined to wait until discovery was complete before moving for leave to amend the complaint."  ECF No. 30, at 5.  The court notes that the discovery deadline was April 22, 2019.

Plaintiff asserts that the court was not limited to the pleadings as they existed at the time of removal.  However,

the court cannot consider post-removal filings "to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir.1999). A plaintiff cannot "'re-plead the complaint [after removal] in an attempt to divest this court of jurisdiction by hindsight.'" McCoy v. Norfolk Southern Ry. Co., 858 F.Supp.2d 639, 642 n. 1 (S.D.W. Va. 2012) (quoting Justice v. Branch Banking & Trust Co., 2009 WL 853993 at *7 (S.D.W. Va. Mar. 24, 2009)). The Court must determine removal jurisdiction "on the basis of the state court complaint at the time of removal, and . . . a plaintiff cannot defeat removal by amending it." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 265 (5th Cir. 1995). The court, accordingly, only considered the record at the time of removal.

Plaintiff also contends that there was a "glimmer of hope" to recover against the previously dismissed defendant, Nicole Becnel, on claims of intentional infliction of emotional distress, defamation, and violations of the West Virginia Wage Payment and Collection Act, which were not addressed by her in her September 11, 2019 motion for remand.

The court notes that in its order denying plaintiff's motion for remand, it acknowledged that in plaintiff's complaint and in her motion for remand, she used some variation of the

3

word "defamation," and that all claims for defamation must fail inasmuch as plaintiff had not asserted what the defamatory statement was. ECF No. 26, at 14. Plaintiff contends that there are factual allegations in the complaint that indicate that Ms. Becnel informed others that she was "sleeping on the job," thereby meeting the requirement of identifying the defamatory statement.

However, in the plaintiff's complaint, she does not assert a claim for defamation, but instead asserts a claim for invasion of privacy which the court did address. The Supreme Court of Appeals of West Virginia has stated that: "Although closely related, defamation and invasion of privacy remain distinct theories of recovery entitled to separate consideration." Crump v. Beckley Newspapers, Inc., 320 S.E.2d 70, 81 (W. Va. 1983).

In her motion for remand, plaintiff appears to use the term defamation in connection with her claims of "false light," but does not identify it as a separate cause of action. Pl.'s Mot. Remand, ECF No. 6, at 7. Further, in her response in opposition to the defendants' motion to dismiss, she asserts that the factual allegations in the complaint support her cause of action for invasion of privacy: "false light (defamation)." Pl.'s Resp. Defs.' Mot. Dismiss, ECF No. 8-1, at 9. She does

not contend that she intended to bring a separate claim for defamation. Indeed, in her previously stricken first amended complaint, plaintiff asserts a separate claim for "Defamation and Slander," which supports the court's conclusion that she did not state such a claim in her original complaint on which the motion for remand was decided. ECF No. 16, at 17.

The court fully considered the issues raised by plaintiff in her motion for remand. Accordingly, it is ORDERED that plaintiff's motion for reconsideration be, and hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record.

        ENTER: August 23, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge