```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**JULIA E. BLACKWOOD,**

      Plaintiff,

v.	Civil Action No. 2:18-cv-1216

**BERRY DUNN, LLC,**

      Defendant.


## ORDER

Pending are defendant Berry Dunn, LLC's objections to plaintiff's Rule 26(a)(3) disclosures, filed August 19, 2019.

The plaintiff did not participate in the process of submitting the proposed integrated pretrial order to the court and has failed to offer any addition to it. At the pretrial conference on August 5, 2019, plaintiff's counsel advised that he would like to call a witness other than the plaintiff at trial, Monica Robinson, to which Berry Dunn objected.

On August 12, 2019, plaintiff, who has been consistently late in her filings in this case, filed for the first time Rule 26(a)(3) disclosures. Therein, plaintiff identified three witnesses also identified by Berry Dunn that she expected to call at trial: Eduardo Daranyi, Debra Genender, and Nicole Becnel. She also identified eight other witnesses

she expected to call at trial and five witnesses that she may call at trial.  Many of these witnesses have not been identified during the course of this litigation, while others have only briefly been mentioned and do not appear to have had any connection with the only issue to be tried, promissory estoppel.

Plaintiff also seeks to introduce exhibits which either have not been introduced on the docket before this juncture or do not appear to be relevant to the remaining claim for promissory estoppel.[1]

Berry Dunn filed its objections to these disclosures stating that they were untimely and that plaintiff had failed to previously file any disclosures in this case, including her portion of the pretrial order.  It also states that plaintiff should only be permitted to call herself as a witness at trial

---

[1] The court notes that plaintiff's late filed disclosures appear to contradict motions 12, 13 and 16 in defendant's "Omnibus Motions in Limine," filed July 22, 2019.  These motions, which were not responded to by the July 29, 2019 deadline for filing responses to motions in limine, were also not expressly responded to in the seven days the court permitted plaintiff to file a response after the August 5, 2019 pretrial conference.  Motion number 12 seeks to exclude any and all documents or witnesses not identified by the plaintiff during the course of discovery. ECF No. 42, at 5.  Motion number 13 seeks to prohibit plaintiff from presenting testimony related to discovery disputes previously resolved by the court.  Id.  Finally, motion number 16 seeks to exclude exhibits or demonstrative evidence that has not been disclosed or produced by plaintiff in accordance with the rules of discovery.  Id. at 6.

and that the only evidence she should be able to introduce should relate to her lone remaining claim of promissory estoppel.

In the interest of justice, the court finds that plaintiff should be permitted to testify and to call the following three witnesses that have been identified as having been present or aware of the offer of severance pay at the time the offer was made, and who Berry Dunn expects to call at trial: Eduardo Daranyi and Debra Genender, as well as Nicole Becnel whom Berry Dunn may call as a witness.  Berry Dunn would accordingly suffer no prejudice if plaintiff were allowed to call these witnesses at trial.

Further, as Berry Dunn states, plaintiff may only seek to introduce exhibits that support her claim for promissory estoppel.  However, at this juncture, the court is not aware how the proposed exhibits might support plaintiff's claim, with the exception of the plaintiff's Final Pay Memorandum and the emails between plaintiff and Berry Dunn officials after her termination.  Therefore, plaintiff may only seek to introduce exhibits which have been provided to defendant and relate to plaintiff's claim for promissory estoppel.

Accordingly, it is ORDERED that Berry Dunn's objections be, and hereby are, sustained in part and overruled in part, as set forth above.

The Clerk is directed to transmit copies of this order to all counsel of record.

ENTER: August 23, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge