```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JULIA E. BLACKWOOD,

      Plaintiff,

v.                                  Civil Action No. 2:18-cv-1216

BERRY DUNN, LLC and
NICOLE Y. BECNEL,

      Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the Plaintiff's Rule 60(b)(4) & (6) Motion for Relief, filed on May 31, 2022. ECF No. 79.

### I.   Background

Julia E. Blackwood initiated this action in the Kanawha County Circuit Court on March 16, 2018. Compl., ECF No. 1-1. On August 8, 2018, Berry Dunn, LLC, and Nicole Y. Becnel, removed to this court on the basis of diversity of citizenship. Notice of Removal ¶¶ 5-8, ECF No. 1.

In their notice of removal, the defendants represented that "Berry Dunn is a Maine corporation with its principal place of business in Portland, Maine. (Documentation from West Virginia Secretary of State's office, attached as Exhibit D)." Id. ¶ 7. Exhibit D to the notice of removal consists of a

"Business Organization Detail" webpage provided by the West Virginia Secretary of State respecting Berry, Dunn, McNeil & Parker, LLC, in which Berry Dunn, LLC, is described as an "LLC | Limited Liability Company" and lists Maine as Berry Dunn, LLC's, charter state.[1]  Id. Ex. D.

Thereafter, Ms. Blackwood moved to remand, contending that complete diversity of citizenship was lacking inasmuch as Ms. Becnel and Ms. Blackwood were both citizens of West Virginia.  ECF No. 6.  Apart from the issue of Ms. Becnel and Ms. Blackwood's common citizenship, the plaintiff's motion did not address the citizenship of Berry Dunn, LLC.  The court denied the motion, finding that Ms. Becnel had been fraudulently joined to defeat diversity jurisdiction.  Mem. Op. and Ord. at 14, ECF No. 26.

A little more than a month before trial, the plaintiff filed a motion for reconsideration of the court's order denying the motion to remand.  Mot. for Reconsideration, ECF No. 50.  The plaintiff again argued that Ms. Becnel's citizenship should not be disregarded under the doctrine of fraudulent joinder.

---

[1] "Berry Dunn, LLC" is shortened by the parties from Berry, Dunn, McNeil & Parker, LLC.  See Rule 7.1 Disclosure Statement, ECF No. 2.  Throughout the litigation, the parties in this court have referred to the defendant as "Berry Dunn, LLC," as the court does herein.

The plaintiff referred to Berry Dunn, LLC, as a "Limited Liability Corporation," rather than as a limited liability company, but did not otherwise address Berry Dunn, LLC's, citizenship. The court denied the plaintiff's motion. Mem. Op. and Ord. 6, ECF No. 60.

On September 12, 2019, the parties filed a Stipulation of Partial Dismissal with Prejudice. ECF No. 70. On the same date, the court entered a judgment order, closing the case. ECF No. 71.

Ms. Blackwood then appealed the court's order denying her motion to remand, which the Fourth Circuit affirmed. **Blackwood v. Berry, Dunn, McNeil & Parker, LLC**, No. 19-2153 (4th Cir. Nov. 2, 2020).

## II. Discussion

The plaintiff now moves the court to set aside the court's final judgment order pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6). Under Rule 60(b)(4), a court "may relieve a party . . . from a final judgment" because "the judgment is void," while under Rule 60(b)(6) the court may do so for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6).

3

The plaintiff's Rule 60(b)(4) motion is made on the basis of purported newly discovered information, namely, information from the Secretary of State for the State of Maine, dated May 27, 2022, which provides that Berry Dunn, LLC, is an unincorporated limited liability company. Pl.'s Mot. ¶ 3, ECF No. 79. On the basis of this information, the plaintiff argues that the court lacks subject matter jurisdiction, inasmuch as the defendants' notice of removal "misrepresented" the fact that Berry Dunn, LLC, is, as its name suggests, a limited liability company rather than a corporate entity. Id. ¶ 2. The plaintiff posits that this apparent disconnect between Berry Dunn, LLC's, actual legal status and the grounds for jurisdiction provided in the notice of removal is the result of the defendants "knowing, or being grossly negligent, in not knowing [Berry Dunn, LLC] was not a Maine corporation." Id. As the plaintiff now argues,

> "Neither the Court nor Plaintiff had any reason to suspect Defendants[] would misrepresent Berry Dunn as a Maine Corporation. As such, this issue could not have been notice[d] by the Court or Plaintiff. 'At best, [Defendants] did not engage in the necessary due diligence [regarding Berry Dunn's legal status before removing this civil action from state court] to determine whether there was appropriate jurisdiction; at worst, [Defendants actively concealed Berry Dunn's legal status as a] limited liability company [] to manufacture diversity jurisdiction.'"

Pl.'s Reply 3 n.9, ECF No. 81. The plaintiff also preemptively argues that any attempt to amend the notice of removal to include an accurate statement of jurisdictional facts is

4

untimely.  Pl.'s Mot. ¶ 5; Pl.'s Resp. ¶ 6.  Consequently, according to the plaintiff, the court's judgment order in favor of the defendants is void "for complete want of subject matter jurisdiction solely claimed by Defendants in their Notice of Removal based on complete diversity," and this case must be remanded to state court.  Pl.'s Mot. ¶ 6.

The defendants respond by denying that they misrepresented the status of Berry Dunn, LLC.[2]  Defs.' Resp. in Opposition to Pl.'s Mot. 1-2, ECF No. 80.  The defendants concede that Berry Dunn, LLC, is in fact a limited liability company, but aver that none of its members, at the time of removal in August 2018, were citizens of West Virginia.  Id. at 2. Berry Dunn, LLC, submits the affidavit of Jodi Coffee, the Controller for Berry, Dunn, McNeil & Parker, LLC, and Berry,

---

[2]    Berry Dunn, LLC, argues, apparently for the first time, that Berry, Dunn, McNeil & Parker, Inc. ("Berry Dunn, Inc."), employed Ms. Blackwood, not Berry Dunn, LLC, and that Berry Dunn, Inc., is a Maine Corporation with a principal place of business in Maine.  Considering Berry Dunn, Inc.'s, citizenship, subject matter jurisdiction exists, or so the argument goes.  In response, the plaintiff has filed an unexecuted severance agreement between the plaintiff and Berry, Dunn, McNeil & Parker, LLC.  ECF No. 81-7.  This argument is belated and beside the point.  The defendants did not at any time heretofore raise the issue of whether Berry Dunn, Inc., is the proper defendant. Berry Dunn, Inc., is not the entity named in this action nor is it the entity which litigated this case to final judgment.  The court therefore disregards the argument that the citizenship of Berry Dunn, Inc., cures any jurisdictional defects, and will consider only that which concerns Berry Dunn, LLC.

Dunn, McNeil & Parker, Inc. Id., Affidavit of Jodi Coffee, Ex. B ("Coffee Aff."). Ms. Coffee attests to the citizenship of Berry Dunn, LLC's, 17 members in August 2018, all of whom were citizens of either Maine or New Hampshire. Id. ¶¶ 7-9.

Based on the foregoing, the defendants further argue that the court need not set aside its judgment order because (1) the court did in fact possess subject matter jurisdiction, as evidenced by the Coffee Affidavit, and (2) that the court had an arguable basis for jurisdiction. Id. at 4. Finally, the defendants argue res judicata should apply inasmuch as the plaintiff, having already appealed the court's order denying remand, had the opportunity to challenge this court's subject matter jurisdiction, and failed to do so. Id. at 5-6.

The plaintiff counters that the notice of removal was "clear and unambiguous" that Berry Dunn, LLC, was a corporation, and adds that the defendants' civil cover sheet states the same.[3]

---

[3]   The plaintiff's response begins by pointing out that the defendants' reply "is presented without numbered paragraphs in violation" of Rule 10, and informing the court that plaintiff has chosen to forego moving the court to strike the defendants' reply. Such a motion would have been futile. Rule 10(b) applies to pleadings and requires that "claims or defenses" be stated in numbered paragraphs. The court having already entered final judgment in this matter, we are well beyond the pleading stage. As such, the defendants' reply in opposition to a Rule 60(b) motion is not subject to the requirement that claims or defenses in pleadings be numbered. See Fed. R. Civ. P. 7(a) (listing seven types of pleadings permitted in federal court);

Pl.'s Resp. ¶ 1. The plaintiff dismisses the Coffee Affidavit as being "wholly unverified and undocumented," although the affidavit is quite plainly verified. Id. ¶ 3. Moreover, the plaintiff argues that the Coffee Affidavit is "suspect," because of "unsupported statements supporting Defendants' verifiably false claims," regarding who the plaintiff's former employer was. Id. ¶¶ 11-13; see supra n.2.

The court turns first to the defendants' argument that the plaintiff's Rule 60(b) motion is subject to res judicata inasmuch as the plaintiff could have raised the same argument on appeal, but failed to do so.

The doctrine of res judicata applies when a final judgment on the merits in one action is attacked in a later action involving issues that were or could have been litigated in the first action. See Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004).

While it is true that the plaintiff has long possessed the necessary information to appeal the issue which she now raises for the first time, the plaintiff is attacking the final judgment order through Rule 60(b) in a single action rather than as a collateral attack in a separate action. Thus, the guiding

---

id. 10(b) (requirement to number paragraphs in pleadings).

principles the court must consider are those which concern finality of judgments under Rule 60(b) rather than under the doctrine of res judicata.

In considering a Rule 60(b) motion, the court's analysis proceeds in two steps.  Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 298-99 (4th Cir. 2017).  "To bring [herself] within Rule 60(b), the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."  Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984).  These threshold requirements derive from "a well settled principle of law that a Rule 60(b) motion seeking relief from judgment is not a substitute for a timely and proper appeal."  Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).  Next, "[a]fter a party has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)."  Id.

Notwithstanding the broad rule announced in Werner respecting Rule 60(b) motions, the weight of authority indicates that some or all of the threshold requirements do not apply to Rule 60(b)(4) motions, inasmuch as the court's jurisdiction is being challenged.  See Vinten v. Jeantot Marine Alliances, S.A., 191 F.Supp.2d 642, 649-651 (D.S.C. 2002) (Norton, J.)

(concluding that the threshold requirements "which necessitate the use of discretion by the district court," are inconsistent with a district court's total lack of discretion to deny a Rule 60(b)(4) motion where jurisdiction is lacking); see also In re Heckert, 272 F.3d 253, 256-57 (4th Cir. 2001) (a Rule 60(b)(4) motion "is not subject to the reasonable time limitations imposed in the other provisions of Rule 60(b)"); Mary Kay Kane, Federal Practice & Procedure Civil § 2866 (3d ed.) (there is neither a time limit to attack a void judgment nor a requirement to show a meritorious defense).  In short, a broad rule that all 60(b) motions must clear the threshold requirements is apparently at odds with authorities which expressly or impliedly state the opposite with respect to Rule 60(b)(4) motions in particular.  Owners Ins. Co. v. Foxfield Commons, C.A., No. 6:20-031187-DMH, 2021 WL 5086262, *3 n.3 (D.S.C. Nov. 2, 2021) (concluding that an intra-circuit split exists on the applicability of the timeliness requirement on Rule 60(b)(4) motions and applying rule from In re Heckert because it preceded Wells Fargo) (Herlong, J.); Sherman v. Litton Loan Servicing, LP, Civ. A. No. 2:10cv567, 2011 WL 6203256, *1 n.2 (E.D. Va. Dec. 13, 2011) (explaining that all Rule 60(b) motions are subject to the threshold requirements, but the threshold requirements have been "relaxed" for Rule 60(b)(4) motions).

The question of whether all, some, or none of the threshold requirements apply to Rule 60(b)(4) motions is, in this case, not one the court needs to address further inasmuch as the court will consider her Rule 60(b)(4) motion on its merits. Notwithstanding the relaxed requirements on Rule 60(b)(4) motions, the threshold requirements apply with full effect to Rule 60(b)(6) motions, and so the court will turn to the plaintiff's Rule 60(b)(6) motion first. <u>Werner</u>, 731 F.2d at 207; <u>Wells Fargo</u>, 859 F.3d at 298-99.

    1. Rule 60(b)(6)

In support of her Rule 60(b)(6) motion "for any other reason that justifies relief," the plaintiff argues only as follows:

> "[I]n view of the fact Berry Dunn is expected to know its status as a limited liability company, there is no reasonable basis for it to request relief from remand pursuant to Rule 60(b)(6) to amend jurisdictional allegations to include factual allegations regarding its status as a limited liability company (including the citizenship of each of its members) it was fully aware when it removed this case but chose to represent itself as Maine corporation."

Pl.'s Mot. ¶ 8. The plaintiff develops her Rule 60(b)(6) motion no further, regarding either the substance of the motion or the threshold requirements.

"Because the [threshold] requirements are described in the conjunctive, [plaintiff] must meet them all." Wells Fargo, 859 F.3d at 299. Inasmuch as the plaintiff has wholly failed to demonstrate that she satisfies any of the threshold requirements for bringing a Rule 60(b)(6) motion, the court DENIES the plaintiff's Rule 60(b)(6) motion.

Even if the court were to consider the plaintiff's Rule 60(b)(6) motion on the merits, the court would not grant the plaintiff relief under that section of Rule 60. Rule 60(b)(6) is intended to provide relief from judgment in "only extraordinary circumstances." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011). The reason for granting relief under Rule 60(b)(6) must be one that "does not fall within the list of enumerated reasons given in Rule 60(b)(6)." Id. The plaintiff identifies no extraordinary circumstances that the court can discern from her briefing. Even if plaintiff had done so, plaintiff would still have failed to provide adequate grounds for granting relief under Rule 60(b)(6). Id. Having denied the plaintiff's Rule 60(b)(6) motion, the court turns now to the plaintiff's Rule 60(b)(4) grounds.

2. Rule 60(b)(4)

A final judgment order is "void" under Rule 60(b)(4) if the court rendering judgment lacked subject matter jurisdiction. Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). The Fourth Circuit has recognized that this broadly stated rule is, in practice, "narrowly construe[d] . . . precisely because of the threat to finality of judgments and the risk that litigants . . . will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Id.

In light of such considerations, a judgment is void "[o]nly when the jurisdictional error is 'egregious.'" Id. at 413 (quoting United States v. Tittjung, 235 F.3d 330, 335 (7th Cir. 2000)). "[C]ourts must look for the rare instance of a clear usurpation of power." Id. (citation and quotations omitted). "A court plainly usurps jurisdiction only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." Id. (citation and quotations omitted); Hawkins v. i-TV Digitalis Tavkozlesi zrt, 935 F.3d 211, 222 (4th Cir. 2019) ("So long as there was an 'arguable basis' for jurisdiction, we will uphold the judgment.") (quoting Wendt, 431 F.3d at 413). The plaintiff must show, then, that "there was no arguable basis for subject

12

matter jurisdiction," in order for the court to set aside the final judgment as void. Hawkins, 935 F.3d at 221.

The defendants' notice of removal provided an arguable basis for the exercise of jurisdiction. The notice of removal unambiguously states on its face that Berry Dunn, LLC, is a Maine corporation with a principal place of business in Maine. This statement, along with the fraudulently joined Becnel and the citizenship of Blackwood, supported the court's exercise of jurisdiction. Indeed, even now the plaintiff describes the statement in the notice of removal with respect to Berry Dunn, LLC, as being "clear and unambiguous." ECF No. 81 at 2.

Moreover, the conduct of the parties, in particular, the plaintiff, who failed to challenge subject matter jurisdiction with respect to Berry Dunn, LLC, provided an arguable basis for the exercise of jurisdiction when considered alongside that which the notice of removal stated in plain terms. While it is true that a void judgment may not obtain validity through the passage of time, Jackson v. FIE Corp., 302 F.3d 515, 523 (5th Cir. 2002) ("[A]t least absent extraordinary circumstances [] the mere passage of time cannot convert an absolutely void judgment into a valid one."), the defendants' long-unchallenged statement of grounds for jurisdiction is nonetheless relevant to the court's conclusion that it possessed

an arguable basis for its exercise of jurisdiction. In contrast to the plaintiff's repeated insistence that subject matter was lacking due to the presence of Ms. Becnel in the litigation, the parties and the court proceeded through the litigation under the uncontested assumption that subject matter jurisdiction existed vis-à-vis the plaintiff and Berry Dunn, LLC. The court cannot conclude now that it lacked an arguable basis for exercising jurisdiction, especially where, as here, the plaintiff has relied on the very same clear and unambiguous basis for jurisdiction for more than four years.

Finally, there is a more fundamental reason for denying the plaintiff's motion: the court does not in fact lack subject matter jurisdiction. The plaintiff largely takes issue with the notice of removal inasmuch as it was defective <u>procedurally</u>, and does not directly contend that Berry Dunn, LLC's, members are citizens of West Virginia such that diversity jurisdiction is actually lacking. Rather, the plaintiff's argument boils down to the fact that what was stated in the notice of removal was inaccurate. The removal statute provides a cure for such procedural defects. <u>See</u> 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1447(c), a motion to remand may be made "on the basis of any defect in removal procedure." Although such a motion must be made within 30 days of the filing of the

notice of removal, § 1447(c) further provides that "[i]f at any time <u>before</u> final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." <u>Id.</u> (emphasis added). This case is now well past the point of final judgment and even further beyond the 30-day time period for making such a motion on the basis of a procedural defect.

To the extent that the plaintiff has contested the factual underpinning for the court's exercise of jurisdiction, the defendants have responded by demonstrating the existence of subject matter jurisdiction. Although the plaintiff asserts several times that the defendants seek to amend their notice of removal to rectify a defective basis for jurisdiction, the defendants have sought no such thing; they have merely responded to the plaintiff's motion with an affidavit which demonstrates that jurisdiction existed at the time of removal. The plaintiff argues that this affidavit is suspect and unsupported. ECF No. 81 at ¶ 11. The court credits the sworn affidavit of Ms. Coffee and concludes otherwise. No further information is needed to support the court's conclusion that subject matter jurisdiction exists in this action.

Accordingly, the court DENIES the plaintiff's Rule 60(b)(4) motion, for failure to demonstrate that the judgement is void, inasmuch there is not a total want of jurisdiction, and

an arguable basis existed for finding that the court possessed jurisdiction. Wendt, 431 F.3d at 413.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion under Rules 60(b)(4) and (6) is denied.

The Clerk is requested to transmit this Order to all counsel of record and to any unrepresented parties.

ENTER: March 27, 2023

John T. Copenhaver, Jr.
Senior United States District Judge